(37 App. Div. 558.)

### BABCOCK v. BAKER et al.

(Supreme Court, Appellate Division, First Department. February 24, 1899.)

1. INSURANCE—PREMIUM—TIME OF PAYMENT.
   Defendants applied for a renewal marine policy, "for which," they said, "we will pay you a premium," and the policy recited that it was issued in consideration of the receipt of the premium, and provided for a return of a pro rata part for an unexpired term if the policy was canceled. *Held*, that the premium was payable on delivery of the policy.

2. SAME—WAIVER OF PAYMENT IN ADVANCE.
   An insurer does not waive his right to collect a premium for a marine policy in advance by delivering it without receiving the premium.

Appeal from trial term, New York county.

Action by Theodore H. Babcock against Everett C. Baker and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

William B. Ellison, for appellants.
John Larkin, for respondent.

BARRETT, J. This action was brought to recover the amount of an insurance premium upon a renewal policy issued to the defendants by the plaintiff's assignor. The question is whether the premium was payable upon the delivery of the policy. The defendants insist that it was not, in the absence of an agreement to that effect. There was here, however, such an agreement, not in express terms, but clearly implied. The general rule upon the subject is stated by Mr. Phillips

in his treatise on the Law of Insurance (3d Ed., vol. 1, § 505) as follows:

"The premium on the whole amount insured is usually to be considered to be due on delivery of the policy for the whole voyage or other period of the risk in a marine policy, for the whole or a certain period or proportion in a fire policy, and for one year in advance in a life policy, though not always then wholly payable."

In the case at bar it is manifest that the intention of the parties was in accordance with this general rule. In the application for renewal the defendants asked for a $25,000 policy, "for which," they say, "we will pay you premium amounting to two hundred dollars." This plainly meant, "We will so pay you upon delivery of the policy." It certainly did not mean at the expiration of the renewed insurance term of three years. This is emphasized by the policy itself, which reads that the company, "in consideration of the receipt of two hundred dollars, do insure," etc. It is not in consideration of the receipt of the defendants' promise to pay the $200 in future, but in consideration of its present and acknowledged receipt. Then, too, the policy provides that, in case the company shall cancel the policy at any time, "it will return to the assured a pro rata part of the remaining premium for the unexpired term"; and in case the assured, under certain specified circumstances, shall request its cancellation, the company, "after deducting the charges for inspection and the customary short rates for the time the policy has been in force, will return to the assured the remaining portion of the premium." It is entirely clear that the parties thus throughout contemplated payment of the premium upon delivery of the policy.

The appellants, in their second point, contend that, even if the premium was payable in advance, the unconditional delivery of the policy to the defendants was a waiver thereof. It was a waiver in the sense that the insurance at once took effect, though the premium was not actually paid; but it certainly was not a waiver of the company's right to demand and receive its money. As the books say, the company thereby gave the defendants credit; but it was the kind of credit which a shopkeeper gives when he leaves his goods at a customer's house without insisting upon cash on delivery. There was here no credit for any given time. There was simply a delivery of the policy, crediting the defendants with ability to pay, upon demand, the premium then due.

There is no merit in the defense or in the appeal; and the judgment should be affirmed, with costs. All concur.